UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
|---|---|---|---|
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 29, filed on May 8, 2020)

## I. INTRODUCTION

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. Proc. 78; C.D. Cal. L.R. 7-15.

Plaintiff International Brotherhood of Teamsters, Local 848 ("Local 848"), an affiliate of the International Brotherhood of Teamsters ("IBT") union, filed this action against MV Transportation, Inc. ("MV") on July 9, 2019 for breach of contract between an employer and a labor organization pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301"). See ECF No. 1 ("Compl."). The complaint claims that MV breached a labor agreement with IBT and Local 848 by allegedly refusing to comply with the terms of the "card check" recognition procedure incorporated into that agreement.

MV filed an answer to the complaint on August 14, 2019. See ECF No. 9 ("Answer"). MV filed the present motion for judgment on the pleadings on May 8, 2020. See ECF No. 29 ("Mot."). Local 848 filed an opposition to MV's motion on May 18, 2020, and attached a proposed amended complaint. See ECF No. 31 ("Opp."). MV filed a reply on May 26, 2020. See ECF No. 34 ("Reply"). Having carefully considered the parties' arguments, the Court grants MV's motion for the following reasons.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
|---|---|---|---|
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

## II. RELEVANT ALLEGATIONS

### A. IBT and MV Enter Into A National Labor Agreement

Local 848 is an affiliate of the IBT union based in Glendora, California. In 2008, IBT entered into a national labor agreement with MV, a California busing and transit company that performs services under contract for the cities of Beverly Hills and West Hollywood, California. See Compl. ¶¶ 1-3, 6-7, 11. The National Master Agreement ("NMA") requires MV to cooperate with certain efforts by IBT and its affiliates to organize bargaining units at MV, and to voluntarily recognize a union if the organizers can establish majority support using the "card check" method rather than insisting upon a formal election conducted by the National Labor Relations Board ("NLRB"). See Compl. ¶¶ 8-10, 13. Specifically, the NMA requires MV to "enter into a position of neutrality concerning any organizing of its locations by affiliates of the IBT" in accordance with "the terms of the attached (general) card check / neutrality document." See id. ¶ 8 (quoting the NMA); Ehinger Decl., Ex. A (attaching the NMA in full).[1]

The attached "card check / neutrality document" is known as the Card Check and Neutrality Agreement ("CCNA"). Compl. ¶¶ 8-10. The CCNA sets forth the card check process used as an alternative to an NLRB election to determine whether a given subset of MV employees intend to be represented by IBT in collective bargaining. The procedure is as follows: (1) a local IBT affiliate submits a written request to organize an "appropriate bargaining unit" of employees at MV; (2) MV must select a neutral third party and provide a list of all employees in the appropriate bargaining unit to that neutral third party; (3) the neutral third party counts and verifies the signatures of employees in the appropriate bargaining unit; and (4) if the neutral third party finds that the majority of employees in the appropriate bargaining unit have selected IBT as their local union, MV must recognize and meet with IBT to negotiate the terms of a collective bargaining agreement. Id. ¶ 9.

The 2008 version of the CCNA attached to the NMA defines the appropriate bargaining units eligible to be organized pursuant to the card check method as "[a]ll full-time and regular part-time drivers employed at MV Transportation locations, *but excluding* dispatchers, reservationists, utility/bus washers, mechanics and similar maintenance

---

[1] Although Local 848 does not attach the NMA to its complaint, it is incorporated by reference into its pleadings, and the Court may consider it for the purpose of deciding this motion. See Parrino v. FHP Inc., 146 F.3d 699, 706 (9th Cir. 1998).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

employees, office clerical employees, managerial employees, guards, and supervisors as defined by the National Labor Relations Act." See Ehinger Decl., Ex. B (attaching 2008 version of the CCNA attached to the NMA) (emphasis added).[2] The provision further provides that "[t]his defined Bargaining Unit may be altered or amended," but only "by mutual agreement of the Union and the Company on a case by case basis." See Ehinger Decl., Ex. B.

### B. Local 848 Attempts to Initiate The "Card Check" Procedure To Organize MV Employees In Los Angeles

Local 848 alleges that in May and June 2019 it received signatures from a majority of *all* employees at MV's Los Angeles location indicating these employees wished to be represented by the IBT. See Compl. ¶¶ 11-14. After collecting these signatures, Local 848 claims that it contacted MV's Director of Labor Relations on June 13, 2019 and requested union recognition in accordance with the card check procedure set forth in the NMA and CCNA. Id. According to Local 848, MV's Director of Labor Relations refused that request for voluntary recognition, and instead insisted upon an election overseen by the NLRB. On July 5, 2019, Local 848 submitted a formal written request to MV to initiate the card check procedure, to which MV did not respond. Id.

Although not mentioned in the complaint, the referenced written request to MV attached a version of the CCNA that differed from the 2008 version attached to the NMA. See Ehinger Decl., Exs. C & D.[3] Among other differences, the amended CCNA attached to Local 848's written request in 2019 defines the appropriate bargaining units eligible to be organized pursuant to the card check process to include not only "full-time and regular part-time drivers" but also "dispatchers, road supervisors, mechanics, and other

---

[2] Local 848 also does not attach the 2008 version of the CCNA referenced in the NMA to its complaint, but it is also incorporated by reference into its pleadings. See Parrino, 146 F.3d at 706.

[3] Local 848's written request to MV, and the version of the CCNA attached to it, are also incorporated by reference into the complaint and subject to the Court's consideration. See Parrino, 146 F.3d at 706.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

maintenance employees" who perform services under MV's contracts with the cities of Beverly Hills and West Hollywood. Id. at Ex. D.

### C. Local 848 Files Suit Alleging Breach of the NMA

Local 848 claims that in refusing to act in accordance with the card check procedure, MV has breached the NMA in violation of Section 301. Local 848 maintains that by executing the NMA and accepting the CCNA, MV had waived its right to request an NLRB election. Local 848 asserts that MV's failure to comply has denied IBT the right to represent MV's employees, has caused harm to both IBT and its members, and has forced IBT to retain counsel. See Compl. ¶¶ 16-26. IBT alleges that these harms "cannot be fully remedied by monetary compensation." Id. ¶ 25.

### III. LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial[.]" Fed. R. Civ. P. 12(c). "Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." Chavez v. United States, 683 F.3d 1102, 1108 (9th Cir. 2012). A motion for judgment on the pleadings "provides a vehicle for summary adjudication on the merits, after the pleadings are closed but before trial, which may save the parties needless and often considerable time and expense which otherwise would be incurred during discovery and trial." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Federal Civil Procedure Before Trial, § 9:316 (The Rutter Group 2019).

Although Rule 12(c) contains no mention of leave to amend, "courts generally have discretion in granting 12(c) motions with leave to amend, particularly in cases where the motion is based on a pleading technicality." In re Dynamic Random Access Memory Antitrust Litig., 516 F. Supp. 2d 1072, 1084 (N.D. Cal. 2007). There is a strong policy in favor of allowing amendment, unless amendment would be futile, results from bad faith or undue delay, or will unfairly prejudice the opposing party. Id. (internal citation omitted).

### IV. DISCUSSION

Breach of contract claims under Section 301 of the LMRA are governed by the federal common law. See Livadas v. Bradshaw, 512 U.S. 107, 121-22 (1994). And the federal common law that applies to Section 301 follows the maxim that a defendant cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
|---|---|---|---|
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

breach a contractual obligation that does not exist. See, e.g., CNH Am. LLC v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW), 645 F.3d 785, 789 (6th Cir. 2011) (affirming dismissal of Section 301 action for breach of contract when plaintiff failed to allege "a provision purporting to obligate" the defendant to undertake the action it allegedly failed to perform); United Steel, Paper & Forestry, Rubber Mfg., Allied Industrial & Services Workers Int'l Union v. ConocoPhillips Co., No. 08-CV-02068-PSG (FFMx), 2009 WL 1610074, at *4 (C.D. Cal. May 5, 2009) (dismissing a Section 301 breach of contract action as a matter of law because the terms of a collective bargaining agreement were explicit and created no enforceable obligation).

In this case, Local 848 alleges that MV breached the NMA in violation of Section 301 by failing to cooperate in the card check process to organize its Los Angeles location employees, and by insisting upon an NLRB election. MV moves for judgment on the pleadings on grounds that MV had no contractual obligation to cooperate in the card check process Local 848 requested because Local 848 sought to organize employee groups not included among the appropriate bargaining units in the 2008 CCNA attached to the NMA. See Mot. at 4-10. Local 848 responds that MV assumed such an obligation when the union presented MV with the modified and broader CCNA in 2019, which the union contends MV "was obligated to enter into" and operate under. See Opp. at 4-9. Its opposition thus contends, for the first time, that MV breached the NMA both by failing to enter into the modified 2019 CCNA, and by failing to participate in the card check process for the larger group of employees identified in that document. Id. at 10-13.

The Court agrees with MV. The express language of the 2008 CCNA appended to the NMA makes clear that MV's obligation to "enter into a position of neutrality" with respect to Local 848's organizing efforts *only* arises when Local 848 (or another IBT affiliate) attempts to organize MV employees within the "appropriate bargaining unit" limited to "full-time and regular part-time drivers." See Ehinger Decl., Exs. A & B. Although Local 848 argues that MV had an "obligation" to accept the 2019 CCNA—which sets forth a broader appropriate bargaining unit and would require MV to cooperate in the organization of that larger pool of employees—the express language of the NMA does not obligate MV to abide by the terms of any CCNA other than the 2008 CCNA attached to that agreement, see Ehinger Decl., Ex. A, and the 2008 CCNA itself makes clear that it may only be amended "by mutual agreement of the Union and the Company on a case by case basis," id. at Ex. B. No mutual agreement to adopt the broader 2019 CCNA is alleged here—in fact, Local 848 contends the opposite is true. The express terms of the parties' agreement therefore foreclose the union's interpretation of MV's obligations. See

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:19-CV-05849-CAS-MRWx | Date | June 1, 2020 |
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | |

ConocoPhillips Co., 2009 WL 1610074, at *4 ("Since it is the Court's function to interpret the contract, it need not accept as true Defendant's construction of contractual language if it is not reasonable.") (citing United States v. King Features Entm't, Inc., 843 F.2d 394, 398 (9th Cir. 1988)).

Because MV is expressly not obligated by the text of the NMA or the binding 2008 CCNA to cooperate in the organization of the broader set of employees Local 848 proposes to organize, see Compl. ¶¶ 11-12, MV could not have breached the letter of those agreements when it insisted upon an NLRB election for those employees. That is fatal to its single claim for relief under Section 301 of the LMRA, as it is currently alleged. See CNH Am. LLC, 645 F.3d at 789 (affirming dismissal); ConocoPhillips Co., 2009 WL 1610074, at *4 (granting motion to dismiss).

The Court notes that Local 848 also contends that extrinsic evidence of the parties' understandings and past practices will be adduced in litigation to support its interpretation of MV's obligations under the NMA. See, e.g., Opp. at 5-6. But even assuming that is true, "an argument presented in an opposition to a Rule 12 motion is not an allegation in a complaint." Nat. Alternatives Int'l, Inc. v. Allmax Nutrition, Inc., No. 16-CV-01764-H-AGS, 2017 WL 11421527, at *5 n.3 (S.D. Cal. Aug. 28, 2017). "Unless and until alleged" in sufficient detail, these general contentions in Local 848's opposition brief about extrinsic evidence "cannot provide [a] basis" to state a claim for relief. W. States Trucking Ass'n v. Becerra, No. 19-CV-02447-CAS (KKx), 2020 WL 2542062, at *6 n. 4 (C.D. Cal. May 18, 2020) (granting motion to dismiss with leave to amend).[4]

Because Local 848 only alleges a breach of a nonexistent contractual obligation, the complaint fails to state a claim, and the motion for judgment on the pleadings is granted, without prejudice.

---

[4] The Court takes no position on the sufficiency of the allegations contained within the proposed amended complaint attached to Local 848's opposition, which is not before the Court on this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | | 'O' |
|---|---|---|---|---|
| Case No. | 2:19-CV-05849-CAS-MRWx | | Date | June 1, 2020 |
| Title | INT'L BROTHERHOOD OF TEAMSTERS, LOCAL 848 V. MV TRANSP., INC. | | | |

## V. CONCLUSION

For the foregoing reasons, MV's motion for judgment on the pleadings is **GRANTED WITHOUT PREJUDICE**. Local 848 may file an amended complaint, if any, within 30 days of this order.

IT IS SO ORDERED.

| | | 00 | : | 00 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |